**JESSE S. KAPLAN CSB#103726**
**5441 Fair Oaks Bl. Ste. C-1**
**Carmichael, CA 95608**
**916/488-3030**
**916/489-9297 fax**

**Attorney for Plaintiff**
**JOHN K. AVILA**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**-o0O0o-**

| | |
|---|---|
| **JOHN K. AVILA,**<br><br>**Plaintiff,**<br><br>**Frank Bisignano,**<br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>**Defendant.**<br>_______________________________________/ | **No. 2:25-cv-03711-JDP**<br><br>~~**[Proposed]**~~<br>**ORDER FOR AWARD OF ATTORNEY FEES AND COSTS UNDER THE *EAJA*** |

Plaintiff John K. Avila filed this Social Security Action December 23, 2025. ECF 1. On June 12, 2026, the court entered a judgment and order pursuant to stipulation, remanding the matter under Sentence Four of Section 205(g) of the Social Security Act, 42 U.S.C. 405(g), for further proceedings. ECF 20, 21. Plaintiff's motion for an award of attorney fees under the *Equal Access to Justice Act*, ECF 22, requesting $6,009.19, filed August 17, 2026, is now pending before the court. The government has filed a statement of non-opposition to this fee request. ECF 23. Having considered the motion and applicable law, the court grants the motion.

Under the *EAJA,* a prevailing party is ordinarily entitled to fees and other expenses in any action brought against the United States unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. 2412(d)(1)(A); *Gisbrecht v. Barnhart,* 335 U.S. 789, 796 (2002). A party obtaining remand in a Social Security case is a prevailing party for these purposes. *Shalala v. Schaefer,* 509 U.S. 292, 300—301 (1993). When considering reasonableness, a court considers the hourly rate, hours expended, and results obtained. *Atkins v. Apfel,* 154 F.3d 986, 987 (9th Cir. 1998).

The court finds plaintiff to be the prevailing party, that he did not unduly delay this litigation, and that his net worth did not exceed two million dollars at the time this action was filed. Here, where the government stipulated to this remand, the court further finds the government's position not substantially justified. See *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013) (government's position "includes both the government's litigation position and the underlying agency action giving rise to the civil action.").

Here plaintiff filed an 18-page motion for summary judgment, following which the parties stipulated to remand. The attorney fees sought are reasonable. The hourly rate was based on the Ninth Circuit's posted permissible *EAJA* rate. The government expressed non-opposition to the requested fee.

The court finds the requested 23.25 hours to be reasonable and awards *EAJA* fees in the sum of $6,009.19.

Counsel requests direct payment pursuant to an assignment filed with the motion. However, because these fees are payable to the litigant they are subject to government offset to recover any preexisting debt plaintiff owes the United States. *Astrue v. Ratliffe,* 560 U.S. 586, 592—593 (2010). Nonetheless, this Court has ordered direct fee payment to plaintiff's counsel

pursuant to assignment, provided plaintiff has no offsetting debt. E.g., *Blackwell v. Astrue,* No. CIV S-08-1454 EFB; 2011 WL 107765, at *5 (E.D. Cal. Mar. 21, 2011). Therefore, this award, though payable to plaintiff, shall be paid directly to plaintiff's counsel if plaintiff does not owe a government debt.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees and expenses under the *EAJA,* ECF 22, is GRANTED;
2. Plaintiff is awarded fees in the amount of $6,009.19;
3. If the government determines that plaintiff does not owe a federal debt qualifying for offset, the above amount may be made payable to plaintiff's counsel, pursuant to the assignment on file.

IT IS SO ORDERED.

Dated: September 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE